J-S32045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIDNEY COOLBAUGH | : | |
| | : | |
| Appellant | : | No. 1668 MDA 2022 |

Appeal from the PCRA Order Entered November 3, 2022
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-MD-0000072-2012

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: DECEMBER 21, 2023**

Appellant Sidney Coolbaugh appeals from the order dismissing his serial Post-Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that he met the newly discovered fact exception to the PCRA time bar. We affirm.

A prior panel of this Court set forth the relevant facts and procedural history of this case as follows:

> On June 17, 1977, [Appellant], date of birth March 13, 1958[,] and then nineteen (19) years of age and Eugene McGuire (hereinafter "McGuire"), then seventeen (17) years of age, were charged with homicide, generally, robbery, theft, burglary and criminal conspiracy, together with Robert William Lobman. . . . [Appellant] and McGuire pled guilty on September 30, 1977 to an open count of homicide, with an agreement that the penalty would not rise above second-degree murder. All other charges were dismissed.

*     *     *

---

[1] 42 Pa.C.S. §§ 9541-9546.

Following [a] degree of guilt hearing the late Honorable Roy A. Gardner, noting that no mitigation evidence was presented, found McGuire and [Appellant] guilty of second-degree murder. McGuire and [Appellant] were sentenced on March 8, 1978 to the mandatory sentence of life in prison without the possibility of parole.

*Commonwealth v. Coolbaugh*, 1542 MDA 2012, 2013 WL 11256528, at *1 (Pa. Super. filed Aug. 8, 2013) (unpublished mem.) (citation omitted).

Appellant did not seek direct review. Rather, in the years that followed, Appellant filed multiple petitions seeking collateral relief under both the Post Conviction Hearing Act (PCHA)[2] and the PCRA.

On July 10, 2012, Appellant filed his seventh PCRA petition, which the PCRA court dismissed as untimely on July 23, 2012. *See id.* at *1. On appeal, Appellant claimed that "because [McGuire] was released as a result of a PCRA petition, Appellant should also be granted an additional opportunity for PCRA review." *Id*. at *3. On August 8, 2013, this Court affirmed the dismissal of Appellant's PCRA petition. In doing so, this Court noted "that modification of a co-defendant's sentence is not a timeliness exception recognized by 42 Pa.C.S.[] § 9545(b)(1)." *Id*.

Appellant filed the instant PCRA petition on January 19, 2017. On December 30, 2021, PCRA counsel filed an amended petition. On November 3, 2022, the PCRA court dismissed Appellant's petition as both untimely and on the basis of estoppel, having found that the issues raised in the current

---

[2] The PCHA, which was the predecessor to the PCRA, was repealed and replaced by the PCRA for petitions filed on or after April 13, 1988. *See* 42 Pa.C.S. § 9542.

PCRA petition were addressed by the PCRA court in Appellant's 2012 PCRA petition. This timely appeal followed. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

In the statement of questions involved section of his appellate brief, Appellant raises seven issues covering nine pages. *See* Appellant's Brief at 5-13. Essentially, Appellant argues that although he was nineteen years old at the time of the crime, he had the mental capacity of a ten-year old, and was entitled to counsel during his prior PCRA proceedings in 2012. Further, Appellant contends that he was less culpable than McGuire, who was seventeen years old at the time of the crime, and therefore should have received the same consideration, analysis, and relief that McGuire received when the trial court released McGuire because he was a juvenile, under its reading of *Graham v. Florida*, 560 U.S. 48 (2010). *See id.* at 54-55. The PCRA court concluded that Appellant was not entitled to this relief because he was not a juvenile at the time of the offense. *See* PCRA Ct. Op., 12/14/12, at 6 (citing *Graham* and *Miller v. Alabama*, 567 U.S. 460 (2012)).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17. As our Supreme Court has explained, this time requirement is mandatory and jurisdictional in nature and goes to a court's right or competency to adjudicate a controversy. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petitioner invoking one of these statutory exceptions must file a petition within the time constraints set forth at 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's burden to plead and prove that one of the timeliness exceptions applies. *Commonwealth v. Blakeney*, 193 A.3d 350, 361 (Pa. 2018).

Here, as noted above, Appellant's judgment became final in 1978, when he did not take a direct appeal from his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, his instant PCRA petition, which was filed on January 19, 2017, is facially untimely. *See* 42 Pa.C.S. § 9545(b)(1).[4]

_____

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a PCRA petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

[4] Effective January 16, 1996, the PCRA was amended to require petitioners to file any PCRA petition within one year of the date their judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace proviso allowed first PCRA petitions to be filed by January 16, 1997. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-57 (Pa. Super.
*(Footnote Continued Next Page)*

In his brief, Appellant attempts to invoke the newly discovered fact exception at Section 9545(b)(1)(ii). *See* Appellant's Brief at 70, 82. In support, Appellant contends that the PCRA court's determination and order granting relief to McGuire "were new evidence, new facts, new law, new mixed findings of fact and law, new findings of fact, and new findings of law upon which [Appellant's] claims set forth in the Amended Petition are predicated." *Id.* at 73 (emphasis omitted). Therefore, Appellant concludes that the decision granting McGuire relief constitutes a newly discovered fact and an exception to the PCRA time bar.

> Our Supreme Court has held that
>
> judicial determinations do not satisfy the newly discovered fact exception because an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

*Commonwealth v. Reid*, 235 A.3d 1124, 1146 (Pa. 2020) (citations omitted and formatting altered). "[S]ubsequent decisional law does not amount to a new fact under Section 9545(b)(1)(ii) of the PCRA." *Id.* at 1147 (citation omitted and formatting altered). In relying on a judicial determination

_____

1997) (explaining application of PCRA timeliness proviso). Even if the special grace period provided in the amendments applied, Appellant's instant PCRA petition, which was filed on January 19, 2017, would still be twenty years late. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 n.2 (Pa. 2010) (explaining that the 1995 amendments to the PCRA provided that a petitioner whose judgment of sentence became final on or before January 16, 1996, had a one-year grace period or until January 16, 1997, to file a first PCRA petition).

pertaining to McGuire, Appellant failed to demonstrate a fact that triggered the newly-discovered facts exception set forth at 42 Pa.C.S. § 9545(b)(1)(ii).

Following our review of the record, we agree with the PCRA court's conclusion that Appellant's instant PCRA petition was untimely, and that he has failed to properly plead and prove an exception to the PCRA time bar. *See Blakeney*, 193 A.3d at 361; *see also Reid*, 235 A.3d at 1146 (stating that a judicial determination does not constitute a "new fact" for purposes of the newly discovered fact exception at Section 9545(b)(1)(ii)). Therefore, this Court has no jurisdiction to address the merits of Appellant's claims. *See Robinson*, 837 A.2d at 1161. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/21/2023